```
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE
```

Belin Gonzalez-Garcia,
    Petitioner

    v.                                  Case No. 23-cv-0091-SM
                                        Opinion No. 2023 DNH 040

FCI Berlin, Warden,
    Defendant


## O R D E R

Petitioner, Belin Gonzalez-Garcia, is an inmate at the Federal Correctional Institution in Berlin, New Hampshire. He brings this § 2241 petition challenging the Bureau of Prisons' determination that he is ineligible for application of "time credits" under the First Step Act ("FSA") because he is the subject of a final order of removal. According to petitioner, he is merely subject to a detainer – not a final order of removal. Consequently, he believes he remains eligible to apply FSA time credits to his current sentence.

The government moves for summary judgment asserting that, as a matter of law, petitioner is not entitled to the relief he seeks. Petitioner objects. For the reasons discussed, the government's motion is granted.

## Background

Petitioner is a citizen of Honduras who has repeatedly entered the United States unlawfully. On December 15, 2010, he was ordered removed from the United States. See Order of Removal (document no. 7-6) at 1. He did not appeal that ruling and, on January 14, 2011, it became final. Approximately six years later, he unlawfully reentered the country and was apprehended. He was charged with illegal reentry after deportation, having been previously convicted of a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). In October of 2016, petitioner pled guilty to that charge and was sentenced to serve a 30-month term of imprisonment. See Judgment in a Criminal Case, Case no. 1:16CR00898-001 (document no. 7-3). He was deported after serving that criminal sentence.

On or around August 25, 2020, petitioner (again) reentered the country unlawfully. He was indicted and charged with illegally reentering the country following his deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). He subsequently pled guilty to the sole count in the indictment and is currently serving a 37-month sentence. See United States v. Gonzalez-Garcia, No. 7:20CR01429, Judgment in a Criminal Case (Jan. 12, 2021). See also Sentencing Monitoring Computation Data

(document no. 4-3) at 2.  His projected release date is May 22, 2023.  Id.

On August 26, 2020, the Department of Homeland Security notified petitioner of its decision to reinstate the prior order of removal entered against him – that is, the order dated December 15, 2010.  See Notice of Intent/Decision to Reinstate Prior Order (document no. 7-6) at 2.  Then, on April 15, 2022, U.S. Immigration and Customs Enforcement ("ICE") lodged a detainer against petitioner based upon that final order of removal.  See Immigration Detainer (document no. 7-4).  See also Sentence Monitoring Computation Data (document no. 4-3) at 3.  ICE has confirmed that there is a final order of removal against petitioner and that it intends to take custody of him at the completion of his federal sentence.  See Affidavit of Maury Yeakel, Supervisory Correctional Systems Supervisor at FCI Berlin (document no. 7-2) at para. 9.

According to BOP records, petitioner is ineligible for FSA time credits.  See Sentence Monitoring Computation Data, at 1 ("FSA Eligibility Status is: Ineligible").  Nevertheless, he claims to have earned a substantial number of FSA time credits and says they are not properly being credited toward his early release.  See Petition (document no. 1) at para. 7.  Based upon

3

his calculations, petitioner asserts that the BOP should have released him from custody more than a year ago, on January 19, 2022.

## Discussion

Petitioner is not entitled to the relief he seeks for at least two reasons. First, he admits that he failed to fully and properly exhaust available prison administrative remedies. See Petition at para. 10 ("Petitioner has not exhausted administrative remedies."). See generally 42 U.S.C. § 1997e(a). Typically, claims that have not been fully and properly exhausted are subject to dismissal. Here, however, petitioner asserts that exhausting available administrative remedies would be "futile" because the BOP is "maliciously misinterpreting the clear text or the relevant statutes." He also says that pursuing administrative remedies at this late date would "waste a significant amount of the petitioner's time before his projected release date." Petition at para. 10. It is unlikely that petitioner's argument is correct, but the court need not resolve that issue because it is plain that his petition fails on the merits.

Under the First Step Act, eligible federal inmates may earn FSA time credits for the successful completion of "evidence-

4

based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Time credits earned under that program "shall be applied toward time in prerelease custody or supervised release." Id. at § 3632(d)(4)(C). Based upon their underlying crimes of conviction, however, certain inmates are not eligible to receive FSA time credits. See 18 U.S.C. § 3632(d)(4)(D). Other inmates are ineligible to apply FSA time credits toward prerelease custody or supervised release. In this case, the relevant statutory provision states that, "a prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) (emphasis supplied). See also 28 C.F.R. § 523.44(a)(2) ("For any inmate eligible to earn FSA Time Credits under this subpart who is subject to a final order of removal . . . the Bureau may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release.").

But, says petitioner, that section of the statute does not apply to him because he is merely subject to an ICE detainer – not a final order of removal. In short, he claims the final order of removal entered against him on December 15, 2010 applies to an earlier crime of conviction, not the one for which he is currently incarcerated. Accordingly, he argues the final

5

order of removal "has no legal immigration effect on Petitioner's current case."  Objection to Summary Judgment (document no. 6) at para. 4.  He is mistaken.

As noted above, the prior order of removal against petitioner has been reinstated.  <u>See</u> Notice of Intent/Decision to Reinstate Prior Order (document no. 7-6).  <u>See also</u> 8 U.S.C.A. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, <u>the prior order of removal is reinstated from its original date</u> and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, <u>and the alien shall be removed under the prior order at any time after the reentry</u>.") (emphasis supplied).

Because petitioner is subject to a final order of removal, he is ineligible to apply toward early release any FSA time credits he claims to have earned.

**Conclusion**

For the foregoing reasons, as well as those set forth in the respondent's legal memorandum (document no. 7-1), it is plain that, as a matter of law, petitioner is not entitled to

6

the relief he seeks. Accordingly, the government's Motion for Summary Judgment (**document no. 7**) is granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

    **SO ORDERED.**

                                      _____
                                      Steven J. McAuliffe
                                      United States District Judge

April 20, 2023

cc:   Belin Gonzalez-Garcia
      Anna Dronzek, Esq.